IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | * | |
| d/b/a IOU FINANCIAL, INC | | |
| | * | |
| Plaintiff, | | |
| vs. | * | CASE NO. 4:19-cv-224-CDL |
| | | |
| RUNI EXPRESS, INC. | * | |
| D/B/A BLANC APPAREL/J & SKY, | | |
| JENNY KAYLA MIN BANG | * | |
| A/K/A JENNY KAYLA MIN | | |
| A/K/A JENNY MIN | * | |
| A/K/A JENNY MIN BANG | | |
| A/K/A MINJUNG BANG | * | |
| A/K/A JUNG I MIN, | | |
| SEAN HWAN MIN | * | |
| A/K/A SEAN JOON MIN | | |
| A/K/A HYUNG DO MIN | * | |
| A/K/A HWA JOON MIN, | | |
| 2017 SKY, LLC, | * | |
| MJ GLOBAL ENTERPRISE, INC., | | |
| SUSAN HEO | * | |
| | | |
| Defendants. | * | |

_____

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.    Plaintiff IOU is incorporated in Delaware, whose principal place of business is

located in Georgia, which is a citizen of both states per 28 U.S.C. §1332.

2.    Defendants Jenny Kayla Min [JKM] and Sean Hwan Min [SHM], aliased above,

are married, who are individuals domiciled in and citizens of California per §1332 as is

Defendant Heo. IOU seeks no *in-personam relief* as to Heo provided she seeks none from IOU.

3.    Defendant RUNI is a corporation incorporated in California, the location of its

principal place of business of which it is a citizen per 28 U.S.C. §1332, as is Defendant MJ while

Defendant SKY is a limited liability company whose members are SHM, his brother Cooper Min and Jeaong Ok Dryud, Cooper's spouse, individuals domiciled in and citizens of California.

.    4.    Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as IOU's damages, attorney's fees and pre-maturity interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967); ***Cohen v. Office***. 204 F.3d 1077 (11th Cir. 2000); ***Occidental v. Bullard***, 995 F.2d 1046 (11th Cir. 1986); ***Groves v. Rogers***. 547 F.2d 900 (5th Cir. 1977). IOU's damages and/or equitable relief are valued in excess of $76,000.00. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. ***Exxon v. Allapattah***, 545 U.S. 546 (2005).

5.    Per O.C.G.A. § 9-10-90 *et seq* and/or the Constitution, jurisdiction exists, is proper and just for Defendants, who transacted business in Georgia [GA], personally and/or by their agent(s); committed or conspired to commit tortious acts or omissions in GA; or as agents of each other; committed tortious injuries in GA by acts and omissions outside of GA; engaged in persistent GA contact; derived revenue from GA goods, consumed GA services; reasonably consented to personal jurisdiction in GA, where they are subject to liability, who purposefully availed themselves to conducting GA activities.

6.    Under 28 U.S.C. § 1391 and § 90, venue is proper as Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located in this District; and/or Defendants consented to this venue.

7.    On 10/28/09, Defendant MJ was incorporated by SHM as its sole officer and owner of record, in which JKIM has undisclosed ownership, profits or other interests.

8.    On 8/10/13, SHM/JKM filed a joint Chapter 7 Bankruptcy, C.D. Cal. Case Number 2:13-bk-30766-ER, to avoid their considerable unpaid personal and business debt.

9.      SHM/JKM filed their bankruptcy under aliases to conceal it in the future, from creditors, failing to disclose their legal names in their sworn bankruptcy schedules.  [BK Doc 1,

10.     SHM/JKM did not disclose the existence of and their interests in Defendant MJ in their sworn bankruptcy schedules. [BK Doc 1, Question 18]

11.     On 1/10/17, RUNI was incorporated in CA by SHM, under an alias, with JKM as its sole officer/owner of record, in which SHM has undisclosed ownership, profits or other interests.

12.     On 7/24/17, SKY was organized by SHM, as its sole officer and manager of record, in which JKM and SHM's other relatives have undisclosed ownership, profits or other interests.

13.     On 11/21/18, SHK borrowed $400,000 from HEO on behalf of the Min Defendants per a promissory note that he executed to Heo.

14.     On 12/26/18, JKM submitted a Loan Application to IOU's website, at its GA office, for a commercial loan [the Loan] for RUNI's allegedly valid business purposes in which SHM has undisclosed ownership or other interests, who is the spouse of JKM.

15.     JKM sought the Loan for JKM/SHM/SKY/MJ [The Min Defendants] who knew of, benefitted from, consented to and ratified the Loan through JKM, their agent as to the Loan.

16.     On 01/08/19, JKM called IOU's GA staff confirming the information in the Application/Loan Documents of which Min Defendants knew, benefitted, consented and ratified.

17.     On 01/08/19, JKM electronically executed a Promissory Note to IOU, for RUNI for the principal sum of $100,000.00, a gross loan sum of $106,000.00 at IOU's GA office, by its website, in exchange for IOU's Funds, confirming the information in the Application and call, consenting to GA law and jurisdiction to enforce the Note, to which the Min Defendants knew, benefitted, consented and ratified.

18.     The Note includes a Security Agreement, by which the Min Defendants as recipients of the Funds, agreed to, did or were intended to encumber their real and personal property as collateral for the Loan, upon which IOU relied in approving the Loan, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 21]

19.     On 01/08/19, JKM electronically executed a Guaranty of the Note, at IOU's GA office, by its website, unconditionally guaranteeing the Note and Security Agreement, including on all property owned by the Min Defendants, to which they consented, benefitted and ratified.

20.     Per the Guaranty, JKM granted and/or intended to grant the same security interest in her property to guaranty performance of the Note, including the Security Agreement, as well as the property of the Min Defendants, who received and personally benefitted from the Funds.

21.     On 01/08/19, JKM executed an Electronic Debit Agreement for RUNI at IOU's GA office, by its website, identifying both as Payor, authorizing Loan payments from their account to IOU's GA office, certifying this Agreement was to pay the Loan and the accuracy of their account information, of which the Min Defendants knew, consented, benefitted and ratified.

22.     On 01/08/19, JKM approved disbursement of the Funds, at IOU's GA office, by its website, for the Loan, of which Min Defendants knew, consented, benefitted and ratified.

23.     On 01/08/19, the Min Defendants received the Funds by wire transfer from IOU's FDIC- bank account into their account, of which they knew, consented, benefitted and ratified.

.     24.     IOU intended its Loan to the senior interest in all property owned by recipients of the Funds and to be repaid the Funds, which would not have otherwise advanced the Funds under the Guaranty, Note, Security and Debit Agreements.  [Instruments].

25.     Defendants JKM/RUNI breached the Instruments almost immediately after their receipt of the Funds of which Min Defendants knew, benefitted, consented and ratified.

26.     JKM was the agent of the Min Defendants for the Loan, who sought and procured the Loan, but did not intend to perform or could not perform, which she did not disclose to IOU.

27.     The Min Defendants knew of their intended unwillingness, and/or inability to perform the Loan, such as repaying the Funds, prior to and after origination of the Loan.

28.     The Min Defendants are jointly and severally liable for the Loan, per their fulfillment of at least one of the below events; who:

(a).     Operate as and constitute a joint racketing or other enterprise, acted as agents for each other such as applying for the Loan, executing the Instruments and obtaining the Funds;

(b).     Operate as and/or are a partnership, for their same, related business; share/co-mingle their receipt or right to receive a share of profits of the business; whose principals are the

individual Defendants, partners in the business; who participate in or have a right to participate in control of the business; agreed to share and/or shared their business losses or liability for claims by third parties against the business; agreed to contribute/contributed money or property to their business, such as the Funds, to acquire assets and personnel for their business; and/or

(c)     JKM/SHM owned/operated RUNI/SKY/MJ as their alter-egos, disregarding them as separate entities, using them as conduits/instrumentalities for personal affairs like obtaining the Funds and avoiding payment of the Loan, share and co-mingle their assets, finances, ownership and offices.

(d)     RUNI/SKY/MJ lack an existence separate from JKM/SHM per their unified interest or ownership, their mere subterfuge to avoid payment of IOU's debt, which should be justly disregarded, with full liability for damages and relief imposed upon them.

(e)     The Min Defendants assumed joint liability for the debts and other liabilities of RUNI, including the Loan and the claims in this case.

29.     The Min Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU, who negligently, knowingly misrepresented and omitted to disclose (a) their lack of intent and/or ability to perform the Instruments at IOU's expense contrary to the Instruments and Loan Application, such as their undisclosed debts with Defendant Heo and a judgment for $166,720.00 against SHM, Los Angeles Superior Court Case No. BC378911; (b) the Bankruptcy by JKM/SKM; (c) SHM/SKY/MJ were also receiving and otherwise benefitting from the Funds; (d) The Min Defendants were using the Funds for purposes undisclosed during the Loan process, such as their other businesses and non-business purposes; (e) JKM mispresented her address to IOU to preclude enforcement of the Loan against property owned by her, detailed below.

30.     IOU actually and justifiably relied on JKM's representations as honest and accurate in the Application, the Instruments, during the call and per their electronic approval for disbursement of the Funds; which resulted in IOU wiring the Funds to the Min Defendants.

31.     IOU's Instruments attached to all property, assets and/or proceeds of the Min Defendants, such as the following Properties:

(a)     600 West 9th Street, No. 802, Los Angeles, CA 90015, APN 5138-001-156, owned by SKM, to whom JKM transferred her interests, now subject to a $200,000 mortgage held by Defendant Heo, Los Angeles County Instrument No. 201807491069;

(b)     13302, 13306 Roscrans Ave. Norwalk CA 90650, Lots 5,6,7, 8, 9, 10, Block B, Tract No. 6234, City of Norwalk, per map at Book 69, Pages 55-56, Los Angeles County, APN 8070-023-004, 05, 06, owned by the Min Defendants through Defendant SKY, subject to a $200,000 mortgage held by Defendant Heo, Los Angeles County Instrument No. 201807491064.

32.     IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before commencing suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees and pre-maturity date interest per law and their terms.

33.     The Min Defendants breached the Instruments, did not satisfy the Claims, did not make payments, violated their terms, since in default; IOU accelerated payment of the balance.

34.     The Min Defendants induced and/or encouraged IOU to confer the Funds upon them per the Loan/Instruments of which they knew, benefitted, consented and ratified.

35.     IOU provided the Funds to the Min Defendants, directly and/or by their agents, expecting their repayment, which they appreciated, knew, benefitted, consented and ratified.

36.     The Min Defendants knew of, accepted and retained the Funds, which they did not reject, which they should return or compensate, who are otherwise unjustly enriched by the

Funds at IOU's expense, by retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended interest(s) in them.

37.     The Min Defendants are indebted to IOU for the Funds, interest, fees, costs and other charges, for which their property, assets and proceeds are to be secured for repayment.

38.     The Min Defendants are liable for each other's acts and/or omissions as partners; servants and/or agents, done by command and/or in prosecution of, within the scope of their relationship, by which they jointly benefitted and/or ratified.

39.     All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO THE MIN DEFENDANTS

40.     ¶ 1-39 and ¶ 66 are incorporated.

41.     The Min Defendants operate as and constitute a joint enterprise and act as agents for each other; and/or are a partnership, jointly operating for their business; and/or assumed and are liable for the Loan; detailed above, who obtained the Funds, to benefit themselves

42.     The Min Defendants benefitted from the Funds for which they are jointly liable.

43.     The Min Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU, who negligently, knowingly misrepresented and omitted to disclose (a) their lack of intent and/or ability to perform the Instruments at IOU's expense contrary to the Instruments and Loan Application, such as their undisclosed debts with Defendant Heo and a judgment for $166,720.00 against SHM, Los Angeles Superior Court Case No. BC378911; (b) the Bankruptcy by JKM/SKM; (c) SHM/SKY/MJ were also receiving and otherwise benefitting from the Funds; (d) The Min Defendants were using the Funds for purposes undisclosed during the Loan

process, such as their other businesses and non-business purposes; (e) JKM mispresented her address to IOU to preclude enforcement of the Loan against property owned by her, detailed above.

44.     The Min Defendants conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive IOU into closing its Loan.

45.     IOU foreseeably, actually and justifiably relied on the lies, misrepresentations and omissions of the Min Defendants as honest/accurate, causing/inducing IOU to approve the Loan and pay the Funds, a result intentionally procured by the Min Defendants.

46.     The misrepresentations/omissions of material fact of the Min Defendants were calculated by them to deceive IOU, a prudent lender, to illegally obtain and use the Funds, which they would otherwise lack, from which they benefitted.

47.     IOU was proximately and/or actually injured by the misconduct of the Min Defendants which reasonably relied upon their acts and/or omissions in approving the Loan, which IOU would not have otherwise approved.

48.      The Instruments are intended to bind all recipients and/or beneficiaries of the Funds, such as the Min Defendants, whose property, assets and proceeds were to secure repayment of the Loan per the Security Agreement who knew of, benefitted from, consented to and ratified the Loan and/or otherwise received the Funds.

.     49.     The Min Defendants, their property, assets and proceeds are subject to the Instruments, repayment of which they seek to evade, subject to Heo's Mortgages.

50.     The misconduct of the Min Defendants permits them to be unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or their property, assets and/or proceeds absent IOU's intended senior interests in them, for which IOU has no adequate legal remedy.

51.     Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 10-1-1 *et seq*, § 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and establish the Min Defendants are jointly liable for the Instruments, which are secured interest in their property, assets and/or proceeds, such as the Properties; subject to Heo's Mortgages; relating back to their execution/origination; grant all just relief.

52.     Alternatively, per O.C.G.A. § 18-2-1 *et seq*, § 51-1-1 *et seq* and applicable law, IOU demands judgment as to the Min Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages and grant all other just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO THE MIN DEFENDANTS

53.     ¶ 1-39, ¶ 41-42 and ¶ 51-52 and ¶ 59 are incorporated.

54.     The Min Defendants approved or ratified the Instruments, by accepting the Funds.

55.     The Min Defendants are jointly and/or severally liable under the Instruments.

56.     The Min Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

57.     IOU accelerated the principal balance of its defaulted Instruments of which the Min Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

58.     Per O.C.G.A. § 13-1-11, the Min Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for IOU's fees/costs, unless all principal, interest and other charges due to IOU under its Instruments are paid within 10 days after the service date of this Complaint.

59.     IOU is entitled to judgment as to the Min Defendants, jointly and severally, for the unpaid principal balance of the Instruments, interest, attorney's fees, costs and other charges.

60.     Per O.C.G.A. § 13-1-1 *et seq* and applicable law, IOU demands judgment against the Min Defendants for damages under the Instruments in the principal sum of at least $76,000.00, attorney's fees, interest, costs and grant all just relief.

**COUNT III: QUANTUM MERUIT/UNJUST ENRICHMENT
AND RELATED RELIEF AS TO THE MIN DEFENDANTS**

61.     ¶ 1-39, ¶ 41-42 and ¶ 51-52 and ¶ 60 are incorporated.

62.     The Min Defendants induced and/or encouraged IOU to confer the Funds upon them through JKM, per the Instruments, of which they knew, benefitted, consented and ratified.

63.     IOU provided the Funds to the Min Defendants and/or through their agent, expecting their repayment, which they appreciated, knew, benefitted, consented and ratified.

64.     The Min Defendants knew of and accepted the Funds which should be repaid, who are otherwise unjustly enriched by them at IOU's expense, which has no adequate remedy.

65.     These Defendants are indebted to IOU for the Funds, interest, costs/other charges.

66.     IOU demands judgment against the Min Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and grant all just relief.

**COUNT IV:  MONEY HAD AND RECEIVED AND
RELATED RELIEF AS TO THE MIN DEFENDANTS**

67.     ¶ 1-39, ¶ 41-42 and ¶ 51-52, ¶ 60 and ¶ 66 are incorporated.

68.     The Min Defendants wrongfully induced IOU's payment of the Funds through JKM which they received, hold and which rightfully belong to IOU.

69.     The Min Defendants should not retain the Funds and unjustly enrich themselves at IOU's expense with the Funds to which IOU is entitled in good conscience and equity.

70.     IOU made demand for repayment of the Funds upon the Min Defendants by and/or through JKM which was refused and/or unnecessary and/or futile.

71.     IOU demands judgment against the Min Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and all just relief.

## COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

72.     ¶ 1-39, ¶ 41-42 and ¶ 51-52, ¶ 60, ¶ 66 and ¶ 71 are incorporated.

73.     The property, assets and proceeds of the Min Defendants were intended to secure the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or received/benefitted from the Funds but seek to wrongfully preclude its performance.

74.     Defendants knew of, accepted and retained the Funds as a secured debt, who unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them for which IOU has no adequate remedy.

75.     An equitable lien and/or mortgage to satisfy the Instruments is implied on the property, assets and proceeds of Defendants to avert unjustly enriching them and to enforce IOU's Security Agreement.

76.     Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien and/or mortgage on all property, assets and proceeds of the Min Defendants, securing its Instruments, such as the above Properties, subject to Heo's Mortgages, relating back to their execution and/or origination and all just relief.

## COUNT VI: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

77.     ¶ 1-39, ¶ 41-42 and ¶ 51-52, ¶ 60, ¶ 66, ¶ 71 and ¶ 76 are incorporated.

78.     The property, assets and proceeds of the Min Defendants were intended to secure repayment of the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or otherwise received the Funds.

79.     The Min Defendants knew of, accepted and retained the Funds as a secured debt, who are unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them for which IOU has no adequate remedy.

80.     A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds, of the Min Defendants, as intended, to avert unjustly enriching them and enforce IOU's Security Agreement, in which they can enjoy no beneficial interest contrary to equity.

81.     Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1, § 53-12-132, and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of the Min Defendants, such as the above Properties, subject to Heo's Mortgages, relating back to their execution and/or origination and grant all just relief.

## COUNT VII: ATTORNEY'S FEES AND
## RELATED RELIEF AS TO MIN DEFEENDANTS

82.     ¶ 1-39, ¶ 41-42 and ¶ 51-52, ¶ 60, ¶ 66, ¶ 71, ¶ 76 and ¶ 81 are incorporated.

83.     The Min Defendants acted in bad faith by engaging in their misconduct and otherwise failing to resolve these matters, requiring IOU to bring this action.

84.     The Min Defendants were stubbornly litigious as there was no bona-fide dispute as to their liability to IOU, which resorted to unnecessary trouble and expense to bring suit.

85.    Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment as to the Min

Defendants for its attorney's fees, costs and just relief, if not otherwise granted as to them.

86.    The individual Defendant(s) are not minor(s); or adjudged incompetent; were not

in the military for the last 30 days; and are not subject to protection per 50 U.S.C. §3901 *et seq.*

Respectfully submitted this 30th day of December 2019.

By:    */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 264-2358
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 116926